1  MCGREGOR W. SCOTT
   United States Attorney
2  KATHLEEN A. SERVATIUS
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile:  (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                          IN THE UNITED STATES DISTRICT COURT
9                              EASTERN DISTRICT OF CALIFORNIA
10

11 | UNITED STATES OF AMERICA,           | CASE NO. 1:20-CR-00062 NONE-SKO
12 |                        Plaintiff,    | **AMENDED**
   |                                      | **STIPULATION TO CONTINUE STATUS**
13 |              v.                      | **CONFERENCE AND ORDER**
14 | JULIO CHAVEZ-LUCATERO,
   | DENNISE CASTRO                       | Date: August 31, 2020
15 | DESTANEY WALKER, ET. AL.; and        | Time: 1:00 p.m.
   | BRYAN SAHAGUN,                       | Honorable Sheila K. Oberto
16 |
   |                        Defendants.
17

18       The United States of America, by and through MCGREGOR W. SCOTT, United States
19  Attorney, and KATHLEEN A. SERVATIUS, Assistant United States Attorneys, and the defendants, by
20  and through their respective attorneys of record, hereby stipulate to continue the status conference in this
21  case from August 31, 2020 until December 7, 2020 at 1:00 p.m.
22       On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the
23  Eastern District of California until further notice. This General Order was entered to address public
24  health concerns related to COVID-19. Further, pursuant to General Order 611 and 620, this Court's
25  declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's
26  Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district
27  judges to continue all criminal matters to a date after May 1, 2021.[1]
28
---
[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the

STIPULATION TO CONTINUE STATUS CONFERENCE             1

Although the General Orders and declaration of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

---

request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION TO CONTINUE STATUS CONFERENCE        2

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

The parties request that time be excluded between August 31, 2020 and December 7, 2020 for the following reasons:  the defendants need additional time to review the discovery, consult with their clients, and conduct further investigation.  The case involves several seizures, approximately 500 pages of discovery, and discovery in the form of several gigabytes.  Supplemental discovery consisting of digital phone downloads is being prepared.  In addition, defendant Sahagun was just arrested and his attorney was just appointed.  The government is working on producing all discovery Sahagun and anticipates that will be completed the week of August 24, 20202.  The proposed status conference date represents the earliest date that all counsel are available thereafter, taking into account counsels' schedules, defense counsels' commitments to other clients, and the need for preparation in the case and further investigation.  In addition, the public health concerns cited by General Order 611, 612, and 617 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the hearing proceed.

The parties further believe that time should be excluded, in that failure to grant the requested case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny both the defendants and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv).  Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  Act.  Therefore, the parties request that the Court exclude the time until the new trial date from

2  calculations under the Speedy Trial Act.

3  Dated: August 21, 2020                                  MCGREGOR W. SCOTT
                                                           United States Attorney
4
                                                           /s/ *Kathleen A. Servatius*
5                                                          KATHLEEN A. SERVATIUS
                                                           Assistant United States Attorney
6

7
   Dated: August 21, 2020                                  /s/ *Chris Loethen*
8                                                          Attorney for defendant Julio Chavez

9  Dated:  August 21, 2020                                 /s/ *Kevin P. Rooney*
                                                           Attorney for Defendant Dennise Castro
10

11 Dated:  August 21, 2020                                 /s/ *Anthony Capozzi*
                                                           Attorney for Defendant Destaney Walker
12

13 Dated:  August 21, 2020                                 /s/ *Monica Bermudez*
                                                           Attorney for Defendant Bryan Sahagun
14

15
                                               **ORDER**
16
       IT IS HEREBY ORDERED that the status conference in this case be continued from August 31,
17
   2020, and December 7, 2020, until at 1:00 p.m.
18
       IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as
19
   requested outweigh the interest of the public and the defendants in a trial within the original date
20
   prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of
21
   computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must
22
   commence, the time period of August 31, 2020, and December 7, 2020, inclusive, is deemed excludable
23
   pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court
24
   at the parties' request on the basis of the Court's finding that the ends of justice served by taking such
25
   action outweigh the best interest of the public and the defendant in a speedy trial.
26

27

28 IT IS SO ORDERED.

Dated: __**August 26, 2020**__                       /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE