1 PHILLIP A. TALBERT
United States Attorney
2 LAUREL J. MONTOYA
Assistant United States Attorney
3 2500 Tulare Street, Suite 4401
Fresno, CA 93721
4 Telephone: (559) 497-4000
Facsimile:  (559) 497-4099
5
Attorneys for Plaintiff
6 United States of America

7

8                        IN THE UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:20-CR-00062-JLT-KSO |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| JULIO CHAVEZ-LUCATERO, DENNISE CASTRO-LOPEZ, DESTANEY WALKER, AND BRYAN SAHAGUN, | DATE: June 1, 2022 TIME: 1:00 p.m. COURT: Hon. Sheila K. Oberto |
| Defendants. | |

18         This case is set for a status conference on June 1, 2022.  The parties stipulate and request the

19 Court to order that the status conference be continued until August 31, 2022.  On May 13, 2020, this

20 Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until

21 further notice."   Under General Order 618, a judge "may exercise his or her authority to continue

22 matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611

23 issued on March 17, 2020, . . . with additional findings to support the exclusion in the Judge's

24 discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-

25 by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the

26 request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

27 will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and

28 previous General Orders were entered to address public health concerns related to COVID-19.

STIPULATION REGARDING EXCLUDABLE TIME          1
PERIODS UNDER SPEEDY TRIAL ACT

1    Although the General Orders address the district-wide health concern, the Supreme Court has

2    emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

3    openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

4    *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

5    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

6    509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

7    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

8    or in writing").

9    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

10   and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

11   justice continuances are excludable only if "the judge granted such continuance on the basis of his

12   findings that the ends of justice served by taking such action outweigh the best interest of the public and

13   the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

14   unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

15   the ends of justice served by the granting of such continuance outweigh the best interests of the public

16   and the defendant in a speedy trial."  *Id.*

17   The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

18   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

19   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

20   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

21   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

22   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

23   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

24   September 11, 2001, terrorist attacks and the resultant public emergency).  The coronavirus is posing a

25   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

26   In light of the societal context created by the foregoing, this Court should consider the following

27   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

28

STIPULATION REGARDING EXCLUDABLE TIME          2
PERIODS UNDER SPEEDY TRIAL ACT

1  justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date

2  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

3  pretrial continuance must be "specifically limited in time").

4  <center>**STIPULATION**</center>

5      Plaintiff United States of America, by and through its counsel of record, and defendants, by and

6  through defendants' counsel of record, hereby stipulate as follows:

7      1.      The parties need additional time to further investigate/explore matters related to resolving

8  the case or setting a trial date.

9      2.      By this stipulation, defendants now move to continue the status conference, and to

10  exclude time from June 1, 2022, to August 31, 2022 under Local Code T4.

11      3.      The parties agree and stipulate, and request that the Court find the following:

12          a)      The government has represented that the discovery associated with this case

13  includes investigative reports, photographs, cell phone records, and related documents in

14  electronic form, which are voluminous in nature.  All of this discovery has been either produced

15  directly to counsel and/or made available for inspection and copying.

16          b)      The government does not object to the continuance.

17          c)      In addition to the public health concerns cited by the General Orders and

18  declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

19  ends-of-justice delay is particularly apt in this case because:

20  - Defendant's ability to prepare for trial or a plea has been inhibited by the public

21    health emergency;

22
23  - The parties need additional time to investigate/explore matters related to

    proceeding via plea or trial.

24

25          d)      Based on the above-stated findings, the ends of justice served by continuing the

26  case as requested outweigh the interest of the public and the defendant in a trial within the

27

28  [1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

<center>3</center>

1    original date prescribed by the Speedy Trial Act.

2              e)        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

3    et seq., within which trial must commence, the time period of June 1, 2022 to August 31, 2022,

4    inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

5    because it results from a continuance granted by the Court at defendant's request on the basis of

6    the Court's finding that the ends of justice served by taking such action outweigh the best interest

7    of the public and the defendant in a speedy trial.

8         4.        Nothing in this stipulation and order shall preclude a finding that other provisions of the

9    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

10   must commence.

11        IT IS SO STIPULATED.

12

13   Dated:  May 25, 2022                              PHILLIP A. TALBERT
                                                        United States Attorney

14                                                      /s/ LAUREL J. MONTOYA
                                                        LAUREL J. MONTOYA
15                                                      Assistant United States Attorney

16

17   Dated:  May 25, 2022                              /s/ MARC DAYS
                                                        MARC DAYS
18                                                      Counsel for Defendant
                                                        Julio Chavez-Lucatero

19   Dated: May 25, 2022                               /s/ KEVIN P. ROONEY
20                                                      KEVIN P. ROONEY
                                                        Counsel for Defendant
21                                                      Dennise Castro-Lopez

22   Dated: May 25, 2022                               /s/ MONICA BERMUDEZ
23                                                      MONICA BERMUDEZ
                                                        Counsel for Defendant
24                                                      Bryan Sahagun

25   Dated: May 25, 2022                               /s/ ANTHONY P. CAPOZZI
26                                                      ANTHONY P. CAPOZZI
                                                        Counsel for Defendant
27                                                      Destaney Walker

28

STIPULATION REGARDING EXCLUDABLE TIME               4
PERIODS UNDER SPEEDY TRIAL ACT

**ORDER**

The parties shall be prepared to select a mutually agreeable trial date at the next status conference.

IT IS SO ORDERED.


DATED: 5/27/2022

*Sheila K. Oberto*
_____
THE HONORABLE SHEILA K. OBERTO
UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5